Electronically Filed
10/30/2017 9:21 AM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 N. 9th St., ste. 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiffs

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| Verity Property Management, Inc., J. Steven Fender, and Lynn Fender,<br><br>          Plaintiffs<br><br>v.<br><br>The Travelers Companies, Inc. d/b/a Travelers Casualty and Surety Company of America d/b/a Travelers Insurance, Travelers Insurance Group Holdings, Inc., and John/Jane Does I-X, whose true identities are presently unknown,<br><br>          Defendants | **Case No.** CV01-17-20185<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, by and through their attorney of record, Jason R.N. Monteleone of Johnson & Monteleone, L.L.P., and, for cause(s) of action against Defendants, allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Verity Property Management, Inc., ("Plaintiffs Verity") is currently and has been an Idaho for-profit/S-corporation business, in good standing with

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

the Secretary of State for the state of Idaho, organized and incorporated on November 18, 1993, and regularly engaged since that date in the business of managing and overseeing real estate properties in the state of Idaho with its corporate address located at 200 N. 23rd St., Boise, Idaho  83702.  Plaintiff Verity's registered agent for service of process is J. Steven Fender, Plaintiff, 200 N. 23rd St., Boise, Idaho  83702.  As such, Plaintiff Verity is a resident of Boise, Ada County, Idaho.

2.  Plaintiffs J. Steven Fender and Lynn Fender, husband and wife, are now and, at all times relevant to this action herein were, residents of Boise, Ada County, Idaho. Plaintiff J. Steven Fender is the President of Plaintiff Verity, and Plaintiff Lynn Fender is the Vice-President of Plaintiff Verity.  Plaintiffs J. Steven Fender and Lynn Fender are currently and have always been historically the sole shareholders of Plaintiff Verity and owing 100% of the issued and outstanding shares of Plaintiff Verity.

3.  At all times relevant to this action herein, Defendant, The Travelers Companies, Inc. d/b/a Travelers Casualty and Surety Company of America d/b/a Travelers Insurance ("Defendant Travelers"), was and is a Connecticut corporation based in Hartford Connecticut, authorized to do business in the state of Idaho, conducting an insurance and/or surety business, and otherwise does and has had authority to transact insurance and/or surety business within the state of Idaho.  Defendant Travelers business address is One Tower Square, Hartford, Connecticut  06183.  As an insurance and/or surety business transacting business within the state of Idaho, Defendant Travelers can be served with process through the Idaho Department of Insurance.

4.  At all times relevant to this action herein, Defendant, Travelers Insurance Group Holdings, Inc., ("Defendant Travelers Holdings") was and is a Delaware

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL  -  2**

corporation based in Wilmington, Delaware, presumably authorized to do business in the state of Idaho, conducting an insurance and/or surety business, and otherwise presumably does and has had authority to transact insurance and/or surety business within the state of Idaho.   Defendant Travelers Holdings' registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware  19808.

5.      At all times relevant to this action herein, Defendants, John/Jane Does I through X, whose true identities are presently unknown, are individuals or entities, political, corporate, or otherwise, whose true identities are unknown at the present time but who engaged in activities, conduct, and/or omissions set forth herein.   Alternatively, John/Jane Does I through X are individuals or entities who are now, or at the material and operative times herein were, the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of Defendants herein, or are individuals or entities acting on behalf of, or in concert with, the other Defendants named herein.

6.      The amount in controversy is greater than the sum of $10,000.00, and this claim therefore exceeds the jurisdictional limits of the Magistrate's Division and thereby satisfies the jurisdictional prerequisites of the District Court.

7.      Based upon the above allegations, venue is proper in this action in this Court.

8.      Service of process may be made upon the Defendants pursuant to I .C. §§41-333 and 41-334 by service upon the Director of the Department of Insurance for the state of Idaho.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL  -  3**

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      Plaintiffs incorporate herein by reference all of the foregoing and following allegations of his Complaint as though fully set forth *in haec verba*.

10.     At all times herein mentioned, Defendants had issued to Plaintiffs, for which Plaintiffs duly, properly, and timely paid the premium payment(s), an insurance contract and/or surety bond identified by Policy No. 105747892.   Also associated with this insurance/bond coverage was Bond No.  056-LB-105747892.

11.     The prior insurance policy/surety bond period of coverage was February 14, 2015 through February 15, 2016.  That insurance policy/surety bond coverage period was renewed from February 14, 2016, though February 14, 2017, which is the time period most at issue in the instant action.  This insurance/surety coverage purchased by Plaintiffs from Defendants specifically included coverage for theft losses whether due to employee theft or otherwise.   The amount of this theft loss coverage had a policy/bond limit of $2,500,000.00 for which insurance/bond coverage Plaintiffs duly paid a premium.

12.     Plaintiffs suffered significant theft losses to their property management business in the approximate amount of $331,193.22, which theft losses were caused by Jeremy Fender and Renee Fender who were employees of Plaintiff Verity and the son and daughter-in-law, respectively, of Plaintiffs J. Steven Fender and Lynn Fender.  These theft losses occurred during the period of time from January 1, 2016, through July 25, 2016, but Plaintiffs did not discover these theft losses until July 15, 2016.

13.     Neither Jeremy Fender nor Renee Fender are/were ever shareholders in Plaintiff Verity, an S-corporation.  They were appointed only as officers, directors and employees of Plaintiff Verity by Plaintiffs J. Steven Fender and Lynn D. Fender.  At the

time of the appointment in these capacities, Jeremy Fender was to be compensated at $60,000.00 annually, and Renee Fender was to be compensated at $50,000.00 annually.

14.     It is clear from a review of the payroll account and Quickbooks entries of Plaintiff Verity that Jeremy Fender and Renee Fender stole money from Plaintiffs far above what their annual salaries with Plaintiff Verity were to be.

15.     Jeremy Fender or Renee Fender were never authorized by Plaintiffs to take owner draws above their annual salaries or to make any bonuses or extra officer employee distributions to themselves.

16.     A *Stock Purchase Agreement* was executed by Jeremy Fender and Renee Fender on July 17, 2016, to purchase the issued and outstanding stock of Plaintiff Verity from Plaintiffs J. Steven Fender and Lynn Fender, and it provided in relevant part at ¶11 (Excluded Assets) as follows:

> All of the cash in the Company's accounts as of January 1 2016, were disbursed to Sellers with the exception of the $100,000.00 operating account balance. Sellers agree to leave the cash in the accounts and available to the Buyers to meet the operating expenses of the Company. Buyers agree to execute an additional promissory note in an amount to be determined as of the date of close of business prior to the date of closing which shall require that the Buyers pay to the Sellers the amount in the company's accounts within one year of the date of closing in not less frequent than quarterly installments.

17.     Plaintiffs J. Steven Fender and Lynn Fender, as the sellers in the *Stock Purchase Agreement*, agreed to leave cash in the corporation pending the closing of this transaction.  The cash was to be used solely to meet the operating expenses of Plaintiff Verity and not for any other purpose.  The buyers, Jeremy Fender and Renee Fender, were required under the governing agreement, prior to the closing of the transaction, to execute

a promissory note payable to Plaintiffs J. Steven and Lynn D. Fender for the cash in the operating accounts. Jeremy Fender and Renee Fender never executed the contemplated promissory note.

18.     Jeremy Fender had checks drawn on Plaintiff Verity's accounts but issued in his personal name as payee in the sum of $240,950.00 during the period of time between January 1, 2016 and July 7, 2016. The memo lines explained some of the issued checks as "Owner Draw" and/or "Owner Distribution." Many of these checks have no information in the memo field though the payee is listed as Jeremy Fender. These disbursements to Jeremy Fender were never authorized by Plaintiffs Verity, J. Steven Fender, or Lynn Fender. As such, they were clearly thefts committed by Jeremy Fender to the detriment of Plaintiffs Verity, J. Steven Fender, or Lynn Fender.

19.     Jeremy Fender and Renee Fender were misusing the corporate assets of Plaintiffs Verity, J. Steven Fender, or Lynn Fender for their personal expenses for at least six (6) months. They also misappropriated funds from the American Express account in an amount not less than $90,243.22. The total of the funds misappropriated from Plaintiff Verity's operating/checking account and the American Express credit card account in the amount of $331,193.22.

20.     Jeremy Fender and Renee Fender only repaid $11,600.00 to Plaintiffs Verity, J. Steven Fender, or Lynn Fender, which reduces the theft losses to $319,593.22.

21.     These theft losses in the amount of $319,593.22 were clearly the result of larceny and conversion and were sums that were clearly covered by the applicable insurance contract and/or surety bond which Plaintiffs purchased from Defendants.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

22.     On October 11, 2016, Plaintiffs reported these theft losses to Defendants and submitted a proof of claim, with all reasonably necessary supporting documentation, for these theft losses to Defendants on October 19, 2016.   Defendants identified and indexed Plaintiffs' theft loss claim with Matter No.  037-FA1-T1613553-NR

23.     Plaintiffs have still not received any coverage determination from Defendants despite the passage of twelve (12) months after submission of their proof of claim.

24.     A dispute has arisen between Plaintiffs and Defendants concerning the extent of theft loss benefits to which Plaintiffs are entitled under the applicable insurance contract and/or surety bond relative to damages caused Jeremy Fender and Renee Fender. Further, Defendants have never provided Plaintiffs with the coverage determination to which they are entitled despite the passage of twelve (12) months after the submission of their proof of claim.

25.     Plaintiffs have complied with all notice requirements of the applicable insurance policy and/or surety bond and has submitted an appropriate proof of loss with all reasonably necessary documentation.

26.     Defendants have breached the express terms of the applicable insurance contract and/or surety bond by failing to timely make a coverage determination and/or to pay the theft loss benefits due.  In adjusting Plaintiffs' claim, Defendants have acted in bad faith by intentionally and unreasonably delaying and/or denying payment on a claim that was not fairly debatable, nor can they be factually disputed due to the *Amended Judgment* referenced in ¶29, *infra*, and, in the process, have harmed Plaintiffs in such a way not fully compensable by contractual remedies.  The unreasonable investigation, adjustment, delay,

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL  -  7**

and/or denial of the relevant theft loss claim was/were not the result of a good faith mistake by Defendants, especially as an entire year has passed since the proof of claim, with all reasonably necessary documentation, was submitted to Defendants.  Plaintiffs continued to provide Defendants with requested supplemental documents.

27.     That in doing the acts described in this Complaint, Defendants knew or should have known that it would cause financial, mental, and emotional injuries to Plaintiffs but nonetheless carried out the adjustment and investigation of this theft loss claim with a conscious disregard of Plaintiffs' right to the proceeds under the applicable insurance contract and/or surety bond and with the intention of depriving them of the insurance contract and/or surety bond proceeds to which they are entitled.

28.     Plaintiffs have not prejudiced any rights that Defendants may have as and have repeatedly requested Defendants to pay this theft loss claim under the applicable insurance contract and/or surety bond, which Defendants have refused to do.

29.     As a result of the aforementioned theft losses committed by Jeremy Fender and Renee Fender, Plaintiffs were required to bring a civil action against Jeremy Fender, which action was styled as *Fender v. Fender, et al.*, Ada County Case No.  CV-OC-2016-12132, *consolidated with*, CV-OC-2016-12124.  On October 10, 2017 in that litigation, the Honorable Steven Hippler made factual determinations confirming the misappropriation of funds as alleged herein and determined that Jeremy Fender and Renee Fender as employees, officers and directors of Plaintiff Verity had no right to use company funds for any personal purposes and entered an *Amended Judgment* in the amount of $377,615.88 in favor of Plaintiffs Verity, J. Steven Fender, and Lynn Fender, inclusive of attorney fees and costs.

30.     Despite the entry of the aforementioned *Amended Judgment* and its preceding judgment in favor of Plaintiffs of the instant litigation, Defendants have failed to pay the theft loss claim made by Plaintiffs to Defendants over a year prior to the filing of the instant action.  Defendants were provided a copy of the aforementioned *Amended Judgment*.

## FIRST CAUSE OF ACTION
### (BREACH OF INSURANCE CONTRACT)

31.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

32.     Plaintiffs paid all premiums due under the applicable insurance contract and/or surety bond, submitted all proofs of loss required under the applicable insurance policy and/or surety bond, and performed all other conditions precedent which the applicable insurance policy and/or surety bond with Defendants required them to perform.

33.     Defendants breached the terms of the applicable insurance policy and/or surety bond by failing to justly, fairly, and timely pay Plaintiffs' claim for theft loss benefits.

34.     As a direct and proximate result of Defendants' breach(es) of the applicable insurance contract and/or surety bond, Plaintiffs have suffered direct and consequential losses and damages in amounts to be determined at trial.

35.     As a result of the above and foregoing events, facts, and circumstances, Plaintiffs have been required to retain an attorney in this matter and have engaged the professional services of Johnson & Monteleone, L.L.P.  Plaintiffs are entitled to recover their reasonable attorney fees and costs of litigation from Defendants, pursuant to I. C. §41-

1839, and other applicable fee-shifting provisions set by governing statute(s) and procedural rule(s).

## SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN AN INSURANCE CONTRACT)

36.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

37.     Plaintiffs paid all premiums due under the applicable insurance contract and/or surety bond, submitted all proofs of loss required under the applicable insurance policy and/or surety bond, and performed all other conditions precedent which the applicable insurance policy and/or surety bond with Defendants required them to perform.

38.     Plaintiffs' claim for theft loss benefits under the applicable insurance contract and/or surety bond written by Defendants is not fairly debatable, and Defendants should have timely tendered payment of benefits for this theft loss claim to Plaintiffs within a commercially reasonable time frame, as the proof of loss, with all reasonably necessary documentation, was submitted to Defendants on October 19, 2016.   Plaintiffs' other insurance/bond surety carrier for theft losses, Acuity, adjusted and paid the undisputed portion of Plaintiffs' claim for the same theft loss within approximately six (6) months of the date the claim was submitted with a proof of loss and all reasonably necessary documentation.   Such tender of theft loss benefits by Acuity in only six (6) months reinforces Plaintiffs' allegations of the unreasonable delay and denial by Defendants and the bad faith in which Defendants are engaged relative to Plaintiffs' theft loss claim.

39.     Defendants Travelers breached the implied covenant of good faith and fair dealing by failing to fairly investigate and adjust and thereafter justly and timely pay Plaintiffs' theft loss claim.

40.     As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiffs have suffered direct and consequential losses and damages in amounts to be determined at trial.

41.     As a result of the above and foregoing events, facts, and circumstances, Plaintiffs have been required to retain an attorney in this matter and have engaged the professional services of Johnson & Monteleone, L.L.P.  Plaintiffs are entitled to recover their reasonable attorney fees and costs of litigation from Defendants, pursuant to I. C. §41-1839, and other applicable fee-shifting provisions set by governing statute(s) and procedural rule(s).

### THIRD CAUSE OF ACTION
### (TORT OF BAD FAITH)

42.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

43.     In investigating and adjusting Plaintiffs' theft loss claim for insurance/surety benefits, Defendants have acted in bad faith by intentionally and unreasonably delaying and/or denying payment on a claim that was not fairly debatable and, in the process, have harmed Plaintiffs in such a way not fully compensable at contract. The delay and/or denial on the claim was not the result of a good faith mistake.

44.     By delaying and/or denying payment of Plaintiffs' theft loss claim while knowing or should having known they had no legal justification for doing so, Defendants

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL  -  11**

purposefully forced Plaintiffs to file this Complaint in order to obtain the insurance and/or surety benefits and proceeds and for theft loss to which they are entitled.

45.    As a direct and proximate result of the bad faith investigation and adjustment of Plaintiffs' theft loss claim, Plaintiffs have suffered direct and consequential losses and damages in amounts to be determined at trial.

46.    As a direct and proximate result of the bad faith investigation and adjustment of Plaintiffs' theft loss claim, Plaintiffs have suffered noneconomic damages for psychologic harm, emotional distress, financial hardship, pain, and suffering in amounts to be determined at trial.

47.    As a result of the above and foregoing events, facts, and circumstances, Plaintiffs have been required to retain an attorney in this matter and have engaged the professional services of Johnson & Monteleone, L.L.P.  Plaintiffs are entitled to recover their reasonable attorney fees and costs of litigation from Defendants, pursuant to I. C. §41-1839, and other applicable fee-shifting provisions set by governing statute(s) and procedural rule(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request and demand judgment against Defendants as follows:

A.    For Plaintiffs' special, economic damages and general, noneconomic damages in amounts which may be proven at trial;

B.    For Plaintiffs' reasonable costs and attorney fees incurred herein; and

C.    For such other and further relief as this Court deems just and equitable.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL  -  12**

DATED: This _27_ day of October, 2017.


JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiffs


## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38(b), Plaintiffs hereby demand a trial by jury on any and all

issues properly triable by jury in this action.


DATED: This _27_ day of October, 2017.


JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiffs


**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 13**

## VERIFICATION

**STATE OF IDAHO**                )
                                  ) ss:
County of Ada                     )

Verity Property Management, Inc., Plaintiff, being first duly sworn on oath, deposes and says:

That it has read the foregoing *Verified Complaint and Demand for Jury Trial*, that it knows the contents thereof, and that it believes the same to be true and accurate to the best of its knowledge and belief.

_____
Verity Property Management, Inc., Plaintiff, by and through its President, J. Steven Fender

**SUBSCRIBED AND SWORN** to before me this 27th day of October, 2017.

Notary Public for Idaho
Residing at Ada County
My Commission Expires: 6|13|22

## <u>VERIFICATION</u>

**STATE OF IDAHO**      )
                         ) ss:
County of Ada          )

       J. Steven Fender, Plaintiff, being first duly sworn on oath, deposes and says:

       That he has read the foregoing *Verified Complaint and Demand for Jury Trial*, that

he knows the contents thereof, and that he believes the same to be true and accurate to the

best of his knowledge and belief.

_____
J. Steven Fender, Plaintiff

**SUBSCRIBED AND SWORN** to before me this 27th day of October, 2017.

_____
Notary Public for Idaho
Residing at Ada County
My Commission Expires: 10/13/22

## VERIFICATION

STATE OF IDAHO        )
                               ) ss:
County of Ada                )

Lynn Fender, Plaintiff, being first duly sworn on oath, deposes and says:

That she has read the foregoing *Verified Complaint and Demand for Jury Trial*, that she knows the contents thereof, and that she believes the same to be true and accurate to the best of her knowledge and belief.

_____
Lynn Fender, Plaintiff

SUBSCRIBED AND SWORN to before me this 27th day of October, 2017.

Notary Public for Idaho
Residing at Ada County
My Commission Expires: 6/13/22

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 16